RCK:writ of execution

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **6200 GEORGETOWN BOULEVARD,** | : |
| **ELDERSBURG, MARYLAND, etc.,** | :   CIVIL NO. JFM-00-1617 |
| Defendant, | : |
| | : |
| and | : |
| | : |
| **ELDERSBURG PLAZA II ASSOCIATES,** | : |
| Claimant. | : |

...ooOoo...

**GOVERNMENT'S MOTION FOR
A WRIT OF EXECUTION**

Plaintiff, the United States of America, through undersigned counsel, and pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and 21 U.S.C. section 881, hereby requests a writ of execution to authorize disposition of the defendant property, and in support therefor states as follows:

1.   The Verified Complaint in this case alleged that the defendant real property was used to commit narcotics offenses in violation of 21 U.S.C. section 841.  The parties reached a settlement agreement in July 2001 that provided that the government would release the defendant real property and, in exchange, the claimant would submit two certified checks in the total amount of $150,000 to be forfeited in place of the real property.  A copy of the agreement is annexed hereto as **Exhibit A**.

2. On August 1, 2001, the Court issued a Final Order of Forfeiture that incorporated the settlement agreement. A copy of the order is annexed hereto as **Exhibit B**.

3. According to Karen Wolford of the U.S. Marshals Service, the claimant, Eldersburg Plaza II Associates, has never made any payments towards the $150,000 that it agreed to pay, and that was ordered forfeited in the Final Order of Forfeiture. The Declaration of Karen Wolford of the U.S. Marshals Service is annexed hereto as **Exhibit C**.

4. According to paragraph 2(c) of the agreement, the claimant agreed to pay a penalty on the due payment at the rate of 10% per year. As of July 2003, the claimant owed a total of $181,500 to the government. According to the Marshals, the amount owed will reach the appraised net equity value of the property and, at that point, the government will no longer have any means to recover the full forfeiture amount plus accrued interest. Consequently, the government respectfully requests a writ of execution that authorizes the U.S. Marshals Service to sell the defendant real property in order to recover the owed amount. After satisfaction of any expenses related to the sale and any outstanding liens, and after the debt under the agreement and final order is satisfied, any excess equity can be released to the claimant.

5. As part of the settlement agreement, the claimant acknowledged as follows: "the claimant neither admits nor disputes

the government's assertion that reasonable cause existed for the seizure and forfeiture of the defendant property."

6. Undersigned counsel contacted Robert Biddle, Esquire, who represented the claimant through the final order in this case, in an effort to resolve this matter and Mr. Biddle advised that he no longer represents the claimant.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the Court issue a Writ of Execution in conformance with the attached draft order that is submitted for the convenience of the Court.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

March 18, 2004
Date

Richard C. Kay
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
(410) 209-4850

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2004, a copy of the foregoing Motion for a Writ of Execution was mailed, postage pre-paid, to Robert W. Biddle, Esquire, 120 E. Baltimore Street, Suite 1800, Baltimore, Maryland 21202, counsel of record for the claimant.

Richard C. Kay
Assistant United States Attorney

RCK:misc:writ of execution

```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                     Northern Division
```

**UNITED STATES OF AMERICA**,            :
       Plaintiff,            :
                                :
     v.            :
                              :
**6200 GEORGETOWN BOULEVARD,**            :
**ELDERSBURG, MARYLAND, etc.,**           :     CIVIL NO. JFM-00-1617
       Defendant,            :
                              :
   **and**            :
                              :
**ELDERSBURG PLAZA II ASSOCIATES,**       :
       Claimant.            :
                    ...ooOoo...

**WRIT OF EXECUTION**

    Upon review of the government's Motion for a Writ of Execution and the record, and for good cause shown, it is this _____ day of March 2004, **ORDERED, ADJUDGED, AND DECREED** as follows:

    1.   The claimant, Eldersburg Plaza II Associates, agreed to pay the United States of America $150,000 in settlement of this case, and that agreement to pay was made a part of the Final Order of Forfeiture issued on August 1, 2001.  Since then, the claimant has failed to make any payment in accordance with its agreement and this Court's order.

    2.   Because the claimant has not made payment as agreed, the defendant real property is hereby forfeited to the United States of America up to the agreed upon forfeiture amount of $150,000 plus all interest accrued under the agreement.

    3.   The United States Marshals Service is hereby directed to sell the defendant real property in the same manner as any other

forfeited real property as soon as is practicable.  The proceeds of the sale are to be disposed of as follows:

    (A)    First, to satisfy any liens or judgements that were properly recorded against the defendant real property prior to June 1, 2000, the date that the forfeiture case was initiated.

    (B)    Second, to satisfy all expenses relating to the seizure, forfeiture, and sale of the defendant property, including any expenses necessary to prepare the defendant property for sale.

    (C)    Third, to satisfy the agreed upon forfeiture amount of $150,000 plus interest to the United States of America; that is, $181,500 plus $49.72 per day for the period from July 2, 2003, up to the date of the sale.

    (D)    Fourth, the remaining net equity, if any, shall be released to the claimant by check made payable to Eldersbug Plaza II Associates.

_____
J. Frederick Motz
United States District Judge

2