RCK:6200 Georgetown\settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :　CIVIL NO. JFM-00-1617 |
| 6200 GEORGETOWN BOULEVARD,<br>ELDERSBURG, MARYLAND, etc.,<br>　　　　Defendant. | :<br>:<br>:<br>: |

...oOo...

### SETTLEMENT AGREEMENT

This Settlement Agreement is made by and between Eldersburg Plaza II Associates ("the claimant") and the United States of America ("the government"):

**WHEREAS**, this case was initiated by the filing of a Verified Complaint for Forfeiture on or about June 1, 2000, which, the government submits, sets forth reasonable cause to believe that the defendant property, 6200 Georgetown Boulevard, Eldersburg, Maryland, is forfeitable pursuant to 21 U.S.C. section 881(a)(7); and

**WHEREAS**, on or about June 12, 2000, the government recorded a lis pendens pertaining to this case in the land records of Carroll County as to defendant property; and

**WHEREAS**, the U.S. Marshals Service arrested or executed process on the defendant properties on June 21, 2000; and

**WHEREAS**, land records for Carroll County indicate that the defendant property was owned by the claimant at the time that

— EXHIBIT A —

the case was initiated and that Mercantile Safe Deposit and Trust Company ("Mercantile") held an interest as a lienholder; and

**WHEREAS**, on or about June 22, 2000, counsel for the claimant and counsel for Mercantile contacted government counsel concerning the interests of their clients; and

**WHEREAS**, notice of the pendency of this forfeiture case was published in the Carroll County Times, a newspaper of general circulation in Carroll County, on June 29 and July 6 and 13, 2000; and

**WHEREAS**, no other claimants have come forward within the time prescribed by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

**WHEREAS**, on or about October 5, 2000, counsel for Mercantile confirmed that Mercantile had received payment in full of its loan to the claimant; and

**WHEREAS**, there are no other known owners, liens, or judgments pertaining to the defendant property; and

**WHEREAS**, the claimant neither admits nor disputes the government's assertion that reasonable cause existed for the seizure and forfeiture of the defendant property; and

**WHEREAS**, certain expenses totaling $1,376.80 were incurred by the U.S. Marshals Service in connection with this forfeiture action; and

**WHEREAS**, the claimant and the government wish to reach a fair and expedited resolution to this matter;

**NOW, THEREFORE,** for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the claimant and the government agree as follows:

1. The parties agree that a copy of this agreement shall be submitted to the Court in support of a motion for a final order of forfeiture that conforms to the terms of this agreement.

2. (a) The claimant agrees to submit a certified check or an official bank check in the amount of $50,000 to the United States Attorney's Office, 6625 U.S. Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, within 30 days of the date of government counsel's execution of this agreement. The check shall be made payable to the U.S. Marshals Service.

   (b) The claimant agrees to submit a second certified check or official bank check in the amount of $100,000 to the United States Attorney's Office, 6625 U.S. Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, within 60 days after the delivery of the first check as specified in paragraph 2(a). The second check also shall be made payable to the U.S. Marshals Service. The parties agree that the government's filing of a release of the lis pendens in accordance with paragraph 3 shall be a condition precedent to the claimant's requirement to submit the second check.

   (c) If a payment is late, the claimant agrees to pay interest on the due payment at the annual rate of 10%.

3

3. The government agrees to file a release of the lis pendens that was filed in Carroll County upon receipt of the check described in paragraph 2(a).

4. The parties agree that the checks described in paragraph 2 shall be treated as the defendant property in this case for all purposes including jurisdiction and disposition, in accordance with 19 U.S.C. section 1613(c). The government agrees that a final order of forfeiture as to the substitute defendant property shall operate as a final order as to the defendant property based on the allegations in the Verified Complaint.

5. The claimant agrees to forfeit all rights, title, and interest in the substitute defendant checks described in paragraph 2.

6. The claimant agrees to indemnify and hold the government harmless from and against all claims, damages, losses, and action resulting from or arising out of this forfeiture action.

7. Each party agrees to bear its own costs in pursuing and defending the forfeiture.

8. This agreement states the entire agreement reached between the parties hereto.

July 2, 2001
Date

Stephen M. Schenning
UNITED STATES ATTORNEY

Richard C. Kay
Assistant United States Attorney
Attorney for Plaintiff
United States of America

| | |
|---|---|
| 7-26-01<br>Date | _____<br>Henry Cole<br>Eldersburg Plaza II Associates<br>Partner |
| 7-26-01<br>Date | _____<br>David Miller<br>Eldersburg Plaza II Associates<br>Partner |
| 7-27-01<br>Date | _____<br>Robert W. Biddle, Esquire<br>Attorney for Eldersburg-Plaza II<br>Associates |

5