RCK:misc:wolford declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| 6200 GEORGETOWN BOULEVARD,<br>ELDERSBURG, MARYLAND, etc.,<br>　　　　Defendant, | :<br>:   CIVIL NO. JFM-00-1617<br>: |
| and | :<br>: |
| ELDERSBURG PLAZA II ASSOCIATES,<br>　　　　Claimant. | :<br>: |

...ooOoo...

### DECLARATION OF KAREN WOLFORD

I, KAREN WOLFORD, am a Property Management Specialist for the U.S. Marshals Service in the District of Maryland.

In the Final Order of Forfeiture in this case, the Marshals Service was directed to dispose of the substitute defendant property, which was, according to a settlement agreement, two checks totaling $150,000 to be paid by the claimant, Eldersburg Plaza II Associates. Since the settlement agreement was signed by the claimants in July 2001, the U.S. Marshals Service has not received any payment from the claimant. Consequently, the claimant has not satisfied its obligation under the agreement.

If the forfeiture case had gone to conclusion without the settlement agreement and the government had forfeited the defendant real property, the Marshals Service would have been prepared, and continues to be prepared, to sell the defendant real property and to satisfy outstanding liens and the costs of the sale with the proceeds of the sale.

— EXHIBIT C —

According to paragraph 2(c) of the settlement agreement, the claimant agreed to pay a penalty on the due payment at the rate of 10% per year. As of July 2003, the claimant owed a total of $181,500 to the government, and that amount is increasing at the rate of $49.72 per day for the period between July 2, 2003, and July 2, 2004. The amount owed will eventually equal the appraised net equity value of the property; at that point, the government will no longer have any means to recover the full forfeiture amount plus accrued interest.

If the Court issues a writ of execution that authorizes the U.S. Marshals Service to sell the defendant real property, the United States can recover the owed amount at the same time that it satisfies the expenses related to the sale and any outstanding liens. After the debt under the agreement and final order is satisfied, any excess equity can be released to the claimant.

I declare under penalty of perjury, as provided in 28 U.S.C. section 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

March 18, 2004
Date

Karen Wolford
U.S. Marshals Service